## THE PEOPLE *v.* NEGRÓN.

### APPEAL from the District Court of Mayagüez.

No. 353.—Decided May 26, 1911.

CRIMINAL LAW—APPEAL—TRANSCRIPT OF RECORD—EVIDENCE—PRESUMPTIONS.—
The statement of facts and bill of exceptions not having been included in the transcript of the record, it must be presumed that the evidence was introduced in accordance with the law, and that it was sufficient to support the verdict rendered by the jury.

ID.—INSTRUCTIONS OF JUDGE TO JURY—LACK OF AUTHENTICITY.—If the instruc-
tions given to the jury are not signed by the judge giving the same, they
are lacking the proper authenticity in order that the same may be considered
by the Supreme Court.

The facts are stated in the opinion.

Messrs. *Horton* and *Feliú* for appellant.

Mr. *Jesús M. Rossy,* fiscal, for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of Mayagüez in a case of homicide. On February 16, 1911, the *fiscal* of the district filed an information charging the accused, José Negrón Vélez, *alias* Cheo, with the commission of the following crime:

"On the night of January 28 of the current year, 1911, in *barrio* Cotuí of the municipality of San Germán and within the judicial district of Mayagüez, P. R., the aforesaid defendant, José Negrón Vélez, *alias* Cheo, in a sudden quarrel between him and Herminio Sorrentino, voluntarily and illegally fired a revolver at said Sorrentino, who was not hurt by the same, the bullet wounding another person named Dámaso Padilla, who died instantly, said bullet having entered the orbit of the left eye and penetrated to the brain."

The defendant filed a plea of not guilty and requested a jury trial. On March 20, 1911, the case was called for trial and the parties appeared. The evidence was taken, the case was argued by counsel, and the court instructed the jury, who retired to consider the case, subsequently returning to the courtroom with a written verdict finding the defendant guilty of the crime of voluntary manslaughter. The court thereupon found the defendant guilty of said crime and set March 23, 1911, for the pronouncement of the sentence.

The defendant appeared on said date, and the court, after complying with the requirements of the law, pronounced sentence condemning the accused to two years' imprisonment in the penitentiary at hard labor.

From this sentence appeal was taken, the hearing of the

case having been had before the Supreme Court on May 25 last.

No statement of facts or bill of exceptions is included in the transcript of the record. We are not aware, therefore, as to what was the evidence presented in this case, and do not know if exceptions were taken during the prosecution thereof, and under these circumstances we must presume that the proofs were sufficient and were presented and argued in accordance with the law.

The instructions given to the jury have been included in the record, but inasmuch as they were not signed by the judge, the same are lacking the proper authenticity in order that they may be considered by this court, as has been decided in numerous cases.

The appellant did not appear during the hearing of the appeal, nor did he present any reason to support the same.

Confining our consideration in this case to the information, the arraignment, the plea filed by the defendant, the verdict, the judgment and notice of appeal, which are the only authentic documents forming the transcript of the record in this case, and the law applicable thereto, we have come to the conclusion that no fundamental error has been committed, and therefore the appeal should be dismissed and the judgment affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.